

**EOD 09/20/2017**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 16-42114 |
| KEVIN W. GREEN | § | |
| AMY C. GREEN | § | CHAPTER 13 |
|     DEBTOR(S) | § | |
| | § | |
| DITECH FINANCIAL LLC | § | |
|     MOVANT | § | |
| | § | |

### AGREED ORDER MODIFYING STAY

The Court finds that Ditech Financial LLC (hereinafter referred to as "Movant"), a secured creditor in this matter, has filed a Motion for Relief from Stay of Act Against Property ("Motion") concerning the collateral described as 716 Milam Road, Van Alstyne, Texas 75495 (the "Property") and more particularly described in the deed of trust; that all required notices of the Motion and hearing thereon have been properly served; and that the parties have agreed to modification of the 11 USC §362(a) stay with respect to the Property. Debtor(s) have defaulted in the performance of certain obligations to Movant.

**IT IS THEREFORE ORDERED THAT:**

1. The 11 USC §362(a) stay as to Movant, its successors and/or assigns, in accordance with the parties' agreement, is hereby MODIFIED, and shall remain in effect provided Debtor(s) comply with the following conditions:

    a. Debtor(s) shall resume making all future monthly payments to Movant as they become due commencing with the October 2017 payment, each payment to be timely made in accordance with the terms and provisions of the loan documents between Movant and Debtor(s). Payments should be paid to Ditech Financial LLC, 1400 Turbine Dr. Suite 200, Rapid City, South Dakota 57709.

    b. A post-petition arrearage exists and is itemized as follows:

| Description | Unit Amount | Total Amount |
|---|---:|---:|
| Regular Payment: 04/01/2017 | $1,275.03 | $1,275.03 |
| Regular Payment: 05/01/2017 | $1,275.03 | $1,275.03 |
| Regular Payment: 06/01/2017 | $1,275.03 | $1,275.03 |
| Regular Payment: 07/01/2017 | $1,275.03 | $1,275.03 |
| Regular Payment: 08/01/2017 | $1,275.03 | $1,275.03 |
| Regular Payment: 09/01/2017 | $1,275.03 | $1,275.03 |
| Suspense Balance | ($214.91) | ($214.91) |

    c.    Debtor(s) shall cure the post-petition arrearage currently due to Movant for the month(s) of April 2017 through and including September 2017 in the total amount of $8,235.27, which includes a suspense credit of $214.91 and post petition attorneys' fees and cost incurred by Movant in bringing this Motion in the amount of $800.00, by allowing Movant to file a Supplemental Proof of Claim in the amount of $8,235.27, which is to be paid through the Chapter 13 Plan.

    d.    Within 30 days of the entry of this order Debtor(s) shall file a motion to modify the Chapter 13 Plan with respect to Movant to include provisions for payment of the sum of $8,235.27, the post-petition arrearage claim referenced in paragraph 1(b) of this order. Such plan modification will address the post petition mortgage arrears only through a plan classification scheme that subordinates payment of all such arrearages to existing payment rights of junior classes under the previously confirmed Chapter 13 Plan. Debtor(s) shall remain current on those payments arising under the terms of the Chapter 13 plan.

    e.    On or before October 20, 2017, Debtor(s) shall submit to Movant's counsel proof that Movant has already received one or more of the payments which comprise the arrearage listed above, and upon confirmation of said proof, Movant shall give Debtor(s) credit for said payment(s) against the arrearage amount due.

2. Movant may apply the payments received hereunder first to attorney's fees and costs and then to the remainder of the arrearage due to Movant as set forth above.

3. Debtor(s)' tendering of a check to Movant which is subsequently returned due to an insufficiency of funds in the account upon which the check is drawn shall not constitute a "payment" as that term is used in Paragraph 1 of this Order.

4. Debtor(s)' subsequent modification of the Plan in response to a notice of default under this Order provided by Movant to Debtor(s) shall not constitute the curing of default described in such notice of default.

5. In the event that Debtor(s) fail to comply with any of the conditions set forth in Paragraph 1 of this Order, and upon Movant's providing to Debtor(s) and Debtor(s)' Attorney written notice of the noncompliance, by first class and certified mail, and upon Debtor(s)' failure to cure the noncompliance and pay an additional amount of $50.00 to reimburse Movant for the attorney fees and costs incurred in connection with the Notice of Default within eleven (11) days from the date of the written notice, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated without notice or order of the Court, and Movant, its successors and/or assigns, shall be permitted to exercise any rights granted to it by the loan documents with

AGREED ORDER MODIFYING STAY          4

respect to the Property including, but not limited to, the execution of a non-judicial foreclosure sale of the Property.  Debtor(s)' right to notice is expressly limited to two (2) events of noncompliance.  Upon the third (3rd) event of noncompliance, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated without further notice or order, and Movant, its successors and/or assigns, shall be permitted to exercise its rights stated herein. Movant shall notify Trustee if stay terminates and Trustee shall cease payments to Movant.

6. If the automatic stay is terminated as to the Property, Movant must provide written notice by regular U.S. mail to the Debtor(s), Debtor(s)' Attorney, and the Trustee.  Once the Trustee receives such notice, no further disbursements will be made on Movant's claim until an amended claim is filed by Movant.

7. In the event the Debtor(s) convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrearage due to Movant by the date of entry of the Order converting the case.  Should the Debtor(s) fail to timely cure said arrearage, and if the property has been previously exempted from the estate, Movant may abandon the terms of this agreement, and the 11 USC §362(a) stay, if any is in effect, shall terminate without further notice or order of the Court, and Movant, its successors and/or assigns, shall be free to exercise any rights granted to it by the loan documents with respect to the Property including, but not limited to, the execution of a non-judicial foreclosure sale of the Property.

8. To the extent the Property is foreclosed on and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

Signed on 9/20/2017

_Brenda T. Rhoades_   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED BY:

_/s/ Richard A. Pelley _____
Richard A. Pelley / TBN _____
905 N. Travis St
Sherman, TX 75090
(903) 813-4778
Attorney for Debtor(s)

AGREED ORDER MODIFYING STAY         4

3171-N-7059

_/s/ LynAlise K. Tannery _____
LynAlise K. Tannery / TBN 24083941
Zachary Wright / TBN 24097223
Buckley Madole, P.C.  /  Attorneys and Counselors
14841 Dallas Parkway, Suite 300
Dallas, Texas 75254
(972) 643-6600 / (972) 643-6698 (Telecopier)
Attorney for Ditech Financial LLC

AGREED ORDER MODIFYING STAY            4

3171-N-7059

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE: KEVIN GREEN AMY GREEN DEBTOR | CASE NO. 16-42114 |
|---|---|

## DECLARATION OF DEBTOR(S) UNDER PENALTY OF PERJURY REGARDING REQUEST TO PAY POST-PETITION MORTGAGE OBLIGATIONS THROUGH CHAPTER 13 PLAN MODIFICATION

I, as one of the Debtor(s) in the above-referenced case, owe a debt secured only by a security interest in real property that is my/our principal residence (a "mortgage debt") and have fallen in arrears on that obligation, in contravention of our obligations under my/our confirmed Chapter 13 plan. We will be seeking the Court's permission to modify that confirmed plan to address these post-petition obligations and, in support of that request, declare under penalty of perjury that the following statements are true and correct:

**NUMBER OF POST-PETITION MONTHS IN ARREARS:** 6

**CALENDAR RANGE OF ARREARAGES:** from [month] 4, [year] 2017 to [month] 9 to [year] 2017

**REASON FOR ARREARAGES:**
☐ Loss of Post-Petition Income
☐ Unbudgeted Medical Expenses
☒ Other Hardship

**DETAILED EXPLANATION:**

DATE: 9.19.17    SIGNATURE: _____